TRADEMARK

**Steven T. Lovett**, OSB No. 910701
stlovett@stoel.com
**Brad S. Daniels,** OSB No. 025178
bsdaniels@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Robert E. Bluth, OR Bar No. 902111
bbluth@harryanddavid.com
Harry and David
2500 S. Pacific Highway
Medford, OR 97501
Telephone: (541) 864-2525
Fax: (541) 864-2885

Attorneys for Plaintiff Harry and David

**ORIGINAL**



# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

[MEDFORD DIVISION]

CV '09 - 3013 - ⧗♌

| | |
|---|---|
| HARRY AND DAVID, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANSHU PATHAK, an individual, dba Organic Fruit of the Month Club, also dba Brentwood Trading Group, also dba Premium Enterprises,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING |

1.    This is a textbook case of cybersquatting and trademark predation.   Defendant

Anshu Pathak ("Pathak") has registered multiple knockoff domain names that imitate Harry and

David's famous FRUIT-OF-THE-MONTH CLUB® trademark.  He also uses confusingly

COMPLAINT - Page 1
Portlnd3-1656437.1 0061715-00001

25326

similar versions of that Harry and David trademark to mislabel his own services, victimizing

consumers who mistake his goods for genuine FRUIT-OF-THE-MONTH CLUB brand goods

and services. Harry and David brings this action to force Defendant to cease his infringing acts

and account for his infringing conduct.

2.      Harry and David makes the allegations set forth in this Complaint through

undersigned counsel, upon knowledge with respect to Plaintiff and its own acts, and upon

information and belief as to all other matters.

## THE PARTIES

3.      Harry and David (sometimes referred to herein as "Plaintiff") is a nationally

famous premier direct marketing, e-commerce, and retail company operating over 140 stores

nationwide.  One of Harry and David's best known and most successful offerings is its "FRUIT-

OF-THE-MONTH CLUB" mail order services, which has provided a multiplicity of delicious

foods to customers new and old for over seventy years.

4.      Harry and David is a corporation organized and existing under the laws of the

State of Oregon, with its principal place of business at 2500 S. Pacific Highway, Medford

Oregon 97501.

5.      Defendant Pathak is a resident of California.

6.      Defendant Pathak resides at 25517 Los Cabos, Moreno Valley, California.

Under Defendant Pathak's direction, ownership and control, businesses operating as "Organic

Fruit of the Month Club," "Premium Enterprises" and "Brentwood Trading Group" have

infringed Harry and David's trademark rights as set forth herein.

## JURISDICTION

7.      This action arises under the Trademark Laws of the United States, 15 U.S.C. §

1051 *et seq.* and related state statutes and the common law.  This Court has jurisdiction under the

provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.  Supplemental

jurisdiction over the causes of action under state law is proper as substantially related to those

causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

8.      Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The matter in controversy between Plaintiff and Defendant exceeds the sum or value of $75,000,

exclusive of interest or costs, and is between citizens of different States.

9.      Defendant Pathak has used (and continues to use) "Fruit Of The Month Club" and

confusingly similar terms as would-be trademarks for goods and services he offers customers,

including customers in this judicial District.

10.     Defendant Pathak markets his infringing goods and services in this District and

elsewhere in the United States in competition with Harry and David.

11.     This action arises in material part from actions expressly aimed at this forum and

causing harm here, including, in particular, in Jackson County.

12.     Defendant Pathak has been aware of Harry and David's FRUIT-OF-THE-

MONTH CLUB®  goods since before he began deliberately infringing Harry and David's

tradename and trademark rights. The brunt of the harm suffered by Harry and David from

Defendant's infringing acts is suffered in this forum, and Defendant knew that such harm was

likely to be suffered in this forum when he infringed Harry and David's rights.

## GENERAL ALLEGATIONS

13.     Plaintiff Harry and David provides FRUIT-OF-THE-MONTH CLUB® goods and services in commerce in this forum and elsewhere in the United States.

14.     Defendant has used "FRUIT OF THE MONTH" and/or "FRUIT OF THE MONTH CLUB" to provide goods and provide services in competition with Harry and David's FRUIT-OF-THE-MONTH CLUB® products and services in this forum and elsewhere in the United States.  Defendant's use of "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" is likely to cause confusion among consumers in the United States, including in this District.

15.     Defendant's infringing activities are targeted at the same class of consumers who purchase genuine FRUIT-OF-THE-MONTH CLUB® goods and services.

16.     Harry and David's ownership of federal trademark registrations of its FRUIT-OF-THE-MONTH CLUB® Mark is a matter of public record.

17.     The table below summarizes three of Harry and David's federal trademark registrations (referred to collectively as "the FRUIT-OF-THE-MONTH CLUB Registrations"):

| Mark | Registration Number and Reg. Date | Goods/Services |
| --- | --- | --- |
| **Fruit-of-the-Month Club** | Reg. 386,023 (March 25, 1941) | Fresh Fruits-Namely, Pears and Grapes |
| **FRUIT-OF-THE-MONTH CLUB** | Reg. 905,212 (Dec. 29, 1970) | fresh, dried and candied fruits, fruit preserves, unshelled nuts, cheese, candy, and gift packages containing one or more of the listed items |
| **FRUIT-OF-THE-MONTH CLUB** | Reg. 1,159,530 (June 30, 1981) | Mail Order Services in the Field of Food Items |

18.     Registration 386,023 is valid and subsisting, and has not been canceled.

19.     A copy of United States Trademark Registration 386,023 is attached as Exhibit 1.

20.     Registration 386,023 constitutes *prima facie* evidence of the validity of the registered mark, and of Harry and David's ownership of said registration and mark.

21.     Registration 386,023 is incontestable pursuant to 15 U.S.C. § 1065.

22.     Registration 905,212 is valid and subsisting, and has not been canceled.

23.     A copy of United States Trademark Registration 905,212 is attached as Exhibit 2.

24.     Registration 905,212 constitutes *prima facie* evidence of the validity of the registered mark, and of Harry and David's ownership of said registration and mark.

25.     Registration 905,212 is incontestable pursuant to 15 U.S.C. § 1065.

26.     Registration 1,159,530 is valid and subsisting, and has not been canceled.

27.     A copy of United States Trademark Registration 1,159,530 is attached as Exhibit 3.

28.     Registration 1,159,530 constitutes *prima facie* evidence of the validity of the registered mark, and of Harry and David's ownership of said registration and mark.

29.     Registration 1,159,530 is incontestable pursuant to 15 U.S.C. § 1065.

30.     As a result of Harry and David's continuous and (but for infringement) exclusive use of its distinctive FRUIT-OF-THE-MONTH CLUB® trademark, and the commercial success of its goods and services provided under this Mark, Harry and David has achieved significant brand name recognition in the FRUIT-OF-THE-MONTH CLUB® Mark.

31.     Harry and David's FRUIT-OF-THE-MONTH CLUB® trademark has come to represent the valuable goodwill and reputation of Harry and David in the market for high quality goods and services including those identified in the FRUIT-OF-THE-MONTH CLUB®

Registrations listed above. As a result, the consuming public has come to expect that such goods and services marketed and sold under Harry and David's FRUIT-OF-THE-MONTH CLUB® Mark, or confusingly similar marks, are associated with Harry and David.

32.     Harry and David also owns valuable rights in the tradename and trademark "Harry and David." Representative federal trademark registrations are summarized in the following table:

| Mark | Registration Number and Reg. Date | Goods/Services |
|---|---|---|
| **HARRY and DAVID** | Reg. 400,009 (February 9, 1943) | fresh fruits - namely nectarines, grapes, and pears |
| *Harry and David* | Reg. 793,717 (August 3, 1965) | fresh, preserved, and candied fruit; nuts, shelled and unshelled; candies; confections- namely, petits fours, sugar plums; smoked and cured meats and fowl; cakes; fruit flavored syrups; cheeses; and barbecue sauce. |
| *Harry and David* | Reg. 1,529,034 (March 7, 1989) | mail order services in the field of fruits, candies, plants, and other gifts |

Each of these Registrations is valid and subsisting, is incontestable, and has not been canceled.

33.     Defendant Pathak owns and operates the following Infringing Domain Names:

    a)     FruitsoftheMonthClub.com

    b)     OrganicFruitoftheMonthClub.com

    c)     1-800-OrganicFruitoftheMonthClub.com

Defendant Pathak has also operated and continues to operate websites on the World Wide Web at each of the Infringing Domain Names, and also at the following locations:

      d)    BrentwoodTradingGroup.com/fruitclub.html

      e)    1800KidsMall.com

      f)    OrganicFruitClub.com

      g)    stores.yahoo.net (e.g., http://yhst-46145187252911.stores.yahoo.net/orfrcl.html)

The websites referenced in this paragraph are sometimes collectively referred to herein as the Infringing Websites.

34.    Each of the Infringing Websites is interactive and designed to conduct e-commerce with customers in this District and elsewhere in the United States.

### Infringement at www.FruitsoftheMonthClub.com

35.    Anshu Pathak registered the domain name FruitsoftheMonthClub.com in plain imitation of Harry and David's registered FRUIT-OF-THE-MONTH CLUB trademark. Basically, Anshu Pathak simply added an "s" to "Fruit," dropped the hyphens, and registered the resulting counterfeit version of the mark. This was done in a bad faith, deliberate effort to register a domain that was not just confusingly similar, but practically identical, to Harry and David's famous FRUIT-OF-THE-MONTH CLUB® mark.

36.    At the time Defendant Pathak registered FruitsoftheMonthClub.com he was well aware of Harry and David's FRUIT-OF-THE-MONTH CLUB® registrations.

37.    Defendant Pathak has used the phrase "Fruit of the Month Club" on the website at www.FruitsoftheMonthClub.com to advertise infringing goods and services to customers in this District and elsewhere in the United States, including as shown in the following screen captured September 22, 2008:

COMPLAINT - Page 7



7 Month - Exotic Fruit Of The Month Club Membership

8 Month - Exotic Fruit Of The Month Club Membership

9 Month - Exotic Fruit Of The Month Club Membership

10 Month - Exotic Fruit Of The Month Club Membership

11 Month - Exotic Fruit Of The Month Club Membership

12 Month - Exotic Fruit Of The Month Club Membership

100% SATISFACTION GUARANTEED

Not associated with Harry and David's Fruit of the Month Club. Anshu's Organic and Exotic fruit club packs and ships all our orders. None of our orders are packed by outside packers and shippers like Harry and David.Where to buy fruit club, fruit of the month, fruit of the month club, fruit clubs, monthly fruit club, organic fruit of the month club, exotic fruit of the month club, organic fruits, exotic fruits, tropical fruits, rambutan, cherimoya, dragon fruit, gift fruit, fruit gift basket, gourmet fruit gift basket, ALPHONSO MANGOES IN BAY AREA, alphanso mango, alphonso mangoes in southern california, alphonso mangos, alphanso mango use custom allow, alphonso mango in us, alphonso mango in usa, alphonso mangoes, buy alphonso mangoes, alphonso mango NYC. on Google MSN, AOL, Yahoo and Alta Vista?

Live human waiting to help you.

HOME | ABOUT US | PRIVACY POLICY | SEND EMAIL | SITE MAP | VIEW CART

Copyright © 1995 - 2008 Organic Fruit Of The Month Club All Rights Reserved.

Monday, September 22, 2008

38.    The purported disclaimer positioned at the end of the webpage displayed at

FruitsoftheMonthClub.com as of September 22, 2008, contains text that reads as follows:

> Not associated with Harry and David's Fruit of the Month Club. Anshu's Organic and Exotic fruit
> club packs and ships all our orders. None of our orders are packed by outside packers and
> shippers like Harry and David.Where to buy fruit club, fruit of the month, fruit of the month club, fruit
> clubs, monthly fruit club, organic fruit of the month club, exotic fruit of the month club, organic fruits,
> exotic fruits, tropical fruits, rambutan, cherimoya, dragon fruit, gift fruit, fruit gift basket, gourmet fruit
> gift basket, ALPHONSO MANGOES IN BAY AREA, alphanso mango, alphonso mangoes in
> southern california, alphonso mangos, alphanso mango usa custom allow, alphonso mango in us,
> alphonso mango in usa, alphonso mangoes, buy alphonso mangoes, alphonso mango NYC, on
> Google, MSN, AOL, Yahoo and Alta Vista?

This purported disclaimer is inaccurate and misleading.  Indeed, it appears to have been made in

bad faith and only aggravates and exacerbates Defendant's other infringing acts.

39.    Defendant Pathak continues to use the phrase "Fruit of the Month Club" to

advertise infringing goods and services to customers in this District and elsewhere in the United

States, including as shown in the following screens captured February 9, 2009:





**Infringement at 1-800-OrganicFruitoftheMonthClub.com,
International Fruit of the Month Club.com, and
OrganicFruitoftheMonthClub.com**

40.     Anshu Pathak also registered and is using the domain names

OrganicFruitoftheMonthClub.com, InternationalFruitoftheMonthClub.com, and 1-800-

OrganicFruitoftheMonthClub.com in bad faith imitation of Harry and David's FRUIT-OF-THE-

MONTH CLUB® trademark.

41.     The websites at www.OrganicFruitoftheMonthClub.com, 1-800-

www.OrganicFruitoftheMonthClub.com, and www.OrganicFruitClub.com use the same

infringing content as www.FruitsoftheMonthClub.com.

COMPLAINT - Page 10

**Infringement at BrentwoodTradingGroup.com,
1800kidsmall.com, and stores.yahoo.net**

42.     Defendant Pathak has also used websites located at

BrentwoodTradingGroup.com, 1800kidsmall.com, and stores.yahoo.net to offer goods and

services in competition with Harry and David.

43.     The following screen capture illustrates Defendant`s infringement at the

BrentwoodTradingGroup.com website:



44.    The following screen capture illustrates Defendant's infringement at the

1800kidsmall.com website:



45. The following screen capture illustrates Defendant's infringement at Yahoo Stores:



## Infringement Using Keywords and Sponsored Links

46.    Defendant also bids on Plaintiff's FRUIT OF THE MONTH and FRUIT-OF-THE-MONTH CLUB® trademarks, and confusingly similar phrases, as "keyword triggers" on search engines such as Google, as illustrated by the partial screen capture taken on September 22, 2008:



Clicking on this "Sponsored Link" caused one of Defendant Pathak's infringing websites to be displayed, as shown in the screen capture below:



47.     As of February 9, 2009, Defendant continues to purchase Plaintiff's federally registered trademark as a keyword from Google, in an effort to divert customers searching for Plaintiff's genuine goods and services to Defendant's competing website.

48.     Defendant's use of Plaintiff's trademarks as keyword triggers is use in commerce that is likely to cause customer confusion or mistake, and to deceive consumers.

49.     Even customers who, upon arriving at Defendant's Infringing Websites, may realize that they are not at a website that sells genuine Harry and David products, have been initially confused and deceived into visiting the Defendant's competing websites.   Defendant thus seeks (and receives) a direct material benefit from the use of Plaintiff's marks as keyword triggers, such as receiving more visits from customers for products being sold in competition with Plaintiff's products.

### Defendant's Infringement Has Been Deliberate

50.     Anshu Pathak has continued to use "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" to provide infringing goods and services in competition with Harry and David's FRUIT-OF-THE-MONTH CLUB® goods and services, after and despite receiving actual notice of Harry and David's federal trademark registrations No. 386,023, No. 905,212, and No. 1,159,530.

51.     The terms "FRUIT OF THE MONTH," "FRUITS OF THE MONTH CLUB," and "FRUIT-OF-THE-MONTH CLUB" are practically identical.  They are certainly phonetically similar and similar in appearance and in overall commercial impression.

52.     Consumers familiar with Plaintiff's FRUIT-OF-THE-MONTH CLUB® products are likely to assume incorrectly that the goods and services marketed and sold using the Infringing Websites originated with Harry and David, or that there is some type of affiliation

COMPLAINT - Page 15
Portlnd3-1656437.1 0061715-00001

between Harry and David and the Defendant, or that Harry and David has sponsored, endorsed, or approved of the infringing goods and services.

53.    The aforesaid acts of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Harry and David, to an extent not yet ascertained.

## COUNT I

### (Infringement of Federally Registered Trademarks)

54.    Harry and David repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth fully herein.

55.    This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for infringement of registered trademarks.

56.    Defendant's unauthorized use of the terms "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" in connection with the sale, offering for sale, distribution and advertising of competing goods and services has caused and is likely to cause confusion, mistake or deception as to the origin of Defendant's goods and services and to mislead consumers into believing that Defendant's products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Harry and David.

57.    Defendant's activities infringe Harry and David's trademark rights in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58.    Defendant's aforesaid acts of infringement have caused Harry and David to sustain monetary damage, loss and injury, to an extent not yet ascertained.

59.    Defendant has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages as an exceptional case under 15

U.S.C. § 1117. Defendant's acts of infringement have been willful, intentional, in bad faith, and with full knowledge of the federal FRUIT-OF-THE-MONTH CLUB trademark registrations listed above.

60.    Defendant's acts of infringement, unless enjoined by this Court, will continue to cause Harry and David to sustain irreparable damage, loss and injury, for which Harry and David has no adequate remedy at law.

## COUNT II

**(Federal Trademark Infringement – Section 43(a)**
**False Designation of Origin, False Representation, Unfair Competition)**

61.    Harry and David repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth fully herein.

62.    This cause of action arises under § 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, description and false representation, unfair competition and false advertising.

63.    Harry and David possesses valuable common law rights to its HARRY AND DAVID and FRUIT-OF-THE-MONTH CLUB marks and the goodwill appurtenant thereto.

64.    Defendant has misused the "Harry and David" trademark and tradename on his infringing websites. Defendant has unfairly competed with Harry and David, and has otherwise traded off the reputation and goodwill of Harry and David and Harry and David's products to promote Defendant's own goods and services.

65.    Defendant's unauthorized use of Harry and David's trademarks has caused Defendant's goods and services to enter into interstate commerce with a trademark designation that falsely describes and represents that their products originate from, are affiliated with or

COMPLAINT - Page 17
Portlnd3-1656437.1 0061715-00001

connected with, or are licensed, sponsored, authorized, approved or sanctioned by Harry and David and/or genuine products from Harry and David.

66.    Defendant has made unauthorized use of one or more terms confusingly similar to Plaintiff's famous tradename and trademarks in a manner that violates § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

67.    Defendant's acts of false designation of origin, description and false representation, unfair competition and false advertising have caused Harry and David to sustain monetary damage, loss and injury, to an extent not yet ascertained.

68.    Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising, unless enjoined by this Court, will continue to cause Harry and David to sustain irreparable damage, loss and injury, for which Harry and David has no adequate remedy at law.

## COUNT III

### (Trademark Infringement and Unfair Competition – Oregon State Law)

69.    Harry and David repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth fully herein.

70.    Harry and David is the owner of State of Oregon Trademark Registration T9612, for the mark FRUIT-OF-THE-MONTH CLUB, registered March 16, 1962, for "Gift boxes and baskets of fresh fruit in season, with or without dried fruit, candies, spices, cheeses and other foods."

71.    Harry and David is also the owner of State of Oregon Trademark Registrations S-39978 and S-40012 for the marks FRUIT OF THE MONTH and FRUIT-OF-THE-MONTH CLUB, respectively.  Oregon Trademark Registration S-39978 was registered June 18, 2007, for

"mail order services in the field of food items." Registration S-40012 was registered July 12, 2007, for the same services.

72.     Defendant has misused the "Harry and David" trademark and tradename on his infringing websites.

73.     Defendant's unauthorized acts set forth herein constitute counterfeiting, trademark infringement and unfair competition as proscribed by ORS 647.095 and the common law of the State of Oregon.

74.     Defendant's acts of trademark infringement and unfair competition have caused Harry and David to sustain monetary damage, loss and injury, to an extent not yet ascertained.

75.     Defendant's acts of trademark infringement and unfair competition, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Harry and David, for which Harry and David has no adequate remedy at law.

## COUNT IV

### (Cyberpiracy - 15 U.S.C. Section 1125(d)(1)(A))

76.     Harry and David repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if set forth fully herein.

77.     Defendant Pathak has registered, trafficked in, and used domain names that are identical or confusingly similar to or dilutive of Harry and David's "FRUIT-OF-THE-MONTH CLUB" trademark (including at least FruitSoftheMonthClub.com, InternationalFruitoftheMonthClub.com, OrganicFruitoftheMonthClub.com, and 1-800-OrganicFruitoftheMonthClub.com), with bad faith intent to profit from his predatory acts.

COMPLAINT - Page 19
Portlnd3-1656437.1 0061715-00001

78.    Harry and David's "FRUIT-OF-THE-MONTH CLUB" trademark has been famous since long before the times at which Defendant Pathak registered each Infringing Domain Name.

79.    Defendant's cyberpiracy has caused Harry and David to sustain monetary damage, loss and injury, to an extent not yet ascertained.  Unless enjoined by this Court, Defendant will continue to cause, irreparable damage, loss and injury to Harry and David, for which Harry and David has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Harry and David respectfully prays for judgment as follows:

1.    That Defendant -- and each agent, servant, employee, attorney and  other person in active concert or participation with Defendant who receives actual notice or knowledge of this injunction by personal service or otherwise -- be preliminarily and permanently enjoined:

a.    From directly or indirectly using, preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting or otherwise exploiting any goods using the term "FRUIT OF THE MONTH CLUB," or any other term similar to Plaintiff's FRUIT OF THE MONTH or FRUIT-OF-THE-MONTH CLUB® Mark so as to be likely to cause confusion, deception or mistake;

b.    From otherwise continuing to infringe upon Plaintiff's FRUIT-OF-THE-MONTH CLUB® Mark;

c.    From further using in connection with any goods or services, any false or deceptive designation or description, whether by words or other symbols or representations, which suggest or imply any relationship with Plaintiff and/or Plaintiff's goods and services;

d.      From further unlawfully trading upon and appropriating the goodwill and the business reputation of Plaintiff and/or Plaintiff's products;

e.      From misusing Plaintiff's trademarks or tradename;

f.      From publishing false statements regarding Harry and David;

g.      From further engaging in any acts of unfair competition against Plaintiff and/or Plaintiff's products;

h.      From in any way inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

2.      That Defendant immediately take all actions necessary to transfer ownership and control of each infringing domain name registration to Harry and David, including at least the following domain registrations:

a)      FruitsoftheMonthClub.com

b)      InternationalFruitoftheMonthClub.com

c)      OrganicFruitoftheMonthClub.com

d)      1-800-OrganicFruitoftheMonthClub.com

3.      That Defendant file with this Court and serve on Plaintiff in accordance with 15 U.S.C. § 1116, within 30 days after service on Defendant of such injunction (or such extended period as this Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which it has complied with this injunction.

4.      That in accordance with 15 U.S.C. § 1118, Defendant deliver up to Plaintiff for destruction or other disposition all goods, labels, signs, prints, packages, wrappers, advertisements, business forms, letterheads and promotional materials bearing or displaying the "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" name, or any other term

similar to Plaintiff's FRUIT-OF-THE-MONTH CLUB® Marks so as to be likely to cause

confusion, deception or mistake, in Defendant's possession, custody or control (and to recall for

such purpose any such products and materials in the possession, custody or control of any other

person), as well as any reproduction, counterfeit, copy or colorable imitation thereof.

     5.     That Defendant be required to immediately account to Plaintiff for all gains,

profits and advantages derived from Defendant's wrongful acts.

     6.     That Plaintiff be awarded monetary relief arising out of Defendant's false

designation of origin, trademark infringement, unfair competition, and other unlawful acts, in an

amount to be determined according to proofs,

     7.     That, should Plaintiff elect statutory damages under 15 U.S.C. § 1117(d), the

Court award statutory damages to Plaintiff in the amount of $100,000 for each Infringing

Domain Name.

     8.     That for Defendant's violation of Oregon law (ORS 647.105), Defendant pay

Plaintiff the greater of $10,000 or the sum of (a) an amount not to exceed three times the profits

derived by the defendant from the wrongful manufacture, use, display or sale; and (b) an amount

not to exceed three times all damages suffered by the owner because of the wrongful

manufacture, use, display or sale.

     9.     That because of the willful nature of Defendant's infringement, and pursuant to

15 U.S.C. § 1117, the Court enter judgment for Plaintiff for three times the amount of said

damages, declare that this case is an "exceptional case" under 15 U.S.C. § 1117, and order

Defendant to pay Plaintiff's costs and disbursements in this action, together with Plaintiff's

reasonable attorneys' fees.

10.   That Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: February 11, 2009

_____
**Steven T. Lovett,** OSB No. 910701
stlovett@stoel.com
**Brad S. Daniels,** OSB No. 025178
bsdaniels@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Robert E. Bluth, OR Bar No. 902111
bbluth@harryanddavid.com
Harry and David
2500 S. Pacific Highway
Medford, OR 97501
Telephone: (541) 864-2525
Fax: (541) 864-2885

Attorneys for Plaintiff Harry and David

COMPLAINT - Page 23
Portlnd3-1656437.1 0061715-00001

Registered Mar. 25, 1941          **Trade-Mark 386,023**

Republished, under the Act of 1946, Oct. 26, 1948, by
Harry and David, Medford, Oreg.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Nov. 20, 1953.

# UNITED STATES PATENT OFFICE

**Holmes Brothers, also doing business as Holmes
Bros. Bear Creek Orchards, Medford, Oreg.**

**Act of February 20, 1905**

**Application September 21, 1940, Serial No. 436,216**

## Fruit-of-the-Month Club

### STATEMENT

*To all whom it may concern:*

Be it known that Holmes Brothers, also doing business as Holmes Bros. Bear Creek Orchards, a firm domiciled in Medford, Oregon, doing business at Medford, Oregon, and composed of the following members Harry L. Holmes and David H. Holmes, both citizens of the United States, has adopted and used the trade-mark shown in the accompanying drawing, for FRESH FRUITS—NAMELY, PEARS AND GRAPES—in Class 46, Foods and ingredients of foods and presents herewith five specimens or facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905, as amended.

The trade-mark has been continuously used and applied to said goods in applicant's business since 1936.

The trade-mark is applied or affixed to the goods, or to the packages containing the same by placing thereon a printed label on which the trade-mark is shown.

The word "Fruit" is disclaimed for registration purposes apart from the mark as shown, with reservation of applicant's common law rights in the premises.

The undersigned hereby appoints Mida, Richards and Murray, a firm composed of Lee W. Mida, Brayton G. Richards, and Alexander W. Murray, whose postal address is 537 S. Dearborn Street, Chicago, Illinois, its attorneys, to prosecute this application for registration, with full powers of substitution and revocation, and to make alterations and amendments therein, to receive the certificate, and to transact all business in the Patent Office connected therewith.

HOLMES BROTHERS,
By DAVID H. HOLMES,
*A Member of the Firm.*

EXHIBIT 1
PAGE 1 OF 1

Int. Cls.: 29, 30 and 31

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

10 Year Renewal       .

Reg. No. 905,212

Registered Dec. 29, 1970

Renewal Approved Sep. 24, 1990

## TRADEMARK
## PRINCIPAL REGISTER

## FRUIT-OF-THE-MONTH CLUB

HARRY AND DAVID (OREGON COR-
PORATION)
P. O. BOX 712
MEDFORD, OR 97501

OWNER OF U.S. REG. NOS. 386,023,
706,089 AND 811,802.

FOR: FRESH, [CANNED,] DRIED
AND CANDIED FRUITS, FRUIT PRE-
SERVES, UNSHELLED NUTS, CHEESE,
[TEA,] CANDY, AND GIFT PACKAGES
CONTAINING ONE OR MORE OF THE
LISTED ITEMS, IN CLASS 46 (INT. CLS.
29, 30 AND 31).

FIRST USE 0–0–1936; IN COMMERCE
0–0–1936.

SER. NO. 72–342,637, FILED 11–4–1969.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Nov. 6, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

EXHIBIT 2
PAGE 1 OF 2

# United States Patent Office

905,212
Registered Dec. 29, 1970

## PRINCIPAL REGISTER
## Trademark

Ser. No. 342,637, filed Nov. 4, 1969

## FRUIT-OF-THE-MONTH
## CLUB

Harry and David (Oregon corporation)
Bear Creek Orchards
Medford, Oreg.  97501

For: FRESH, CANNED, DRIED AND CANDIED FRUITS, FRUIT PRESERVES, UNSHELLED NUTS, CHEESE, TEA, CANDY, AND GIFT PACKAGES CONTAINING ONE OR MORE OF THE LISTED ITEMS, in CLASS 46 (INT. CLS. 29, 30, and 31).

First use at least as early as 1936; in commerce at least as early as 1936.

Owner of Reg. Nos. 386,023, 706,089, and 811,802.

P. P. GRALNICK, Examiner

EXHIBIT 2
PAGE 2 OF 2

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,159,530
Registered Jun. 30, 1981

## SERVICE MARK
### Principal Register

# FRUIT-OF-THE-MONTH CLUB

Harry and David (Oregon corporation)
Bear Creek Orchards
Medford, Oreg. 97501

For: MAIL ORDER SERVICES IN THE FIELD OF FOOD ITEMS, in CLASS 42 (U.S. Cl. 101).

First use 1936; in commerce 1936.

Owner of U.S. Reg. Nos. 386,023, 905,212 and others.

Ser. No. 228,291, filed Aug. 20, 1979.

HENRY S. ZAK, Primary Examiner

EXHIBIT 3
PAGE 1 OF 1