FILED'10 FEB 12 14:27 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HARRY AND DAVID,
    an Oregon corporation

          Plaintiff,

    v.

ANSHU PATHAK, an individual,
    dba Organic Fruit of the Month Club,
    also dba Brentwood Trading Group,
    also dba Premium Enterprises,

          Defendant.

Case Number CV 09-3013-CL

**ORDER**

Clarke, Magistrate Judge:

Plaintiff Harry and David, an Oregon corporation ("Plaintiff") filed a complaint against Defendant Anshu Pathak, an individual, dba Organic Fruit of the Month Club, also dba Brentwood Trading Group, also dba Premium Enterprises ("Defendant") for trademark infringement.

On February 2, 2010, Plaintiff contacted the court, via U.S. mail, requesting a telephone conference to resolve a discovery dispute concerning "multiple, uncured deficiencies in Defendant's responses to Plaintiff's discovery requests," pursuant to Local Rule 26-5(f). Plaintiff

ORDER    1

provided Defendant, who is appearing *pro se*, with copies of its communication with the court, via U.S. Mail and email.

The court held a conference on February 11, 2010. Due to Defendant's technological difficulties, the court was unable to address its resolution in the conference. The court now issues this order outlining its resolution. In sum, Defendant is ordered to supplement his responses to Plaintiff's written discovery requests by March 1, 2010. Both parties are ordered to appear in person on March 5, 2010, at 10 am for a full hearing on this matter and its resolution at the U.S. District Court House, District of Oregon, Medford.

The discovery deadline is extended to April 2, 2010, and dispositive motions are due May 7, 2010.

**I.    Background**

Plaintiff filed its complaint on February 11, 2009. Defendant contested service alleging he was never served and moved to dismiss. The court found service was proper and ordered Defendant to answer. (Dkt. Nos. 13 &18.) Defendant answered, and the court scheduled a Rule 16 telephone conference for September 9, 2009 . On September 9, 2010, the court was unable to contact Defendant with the information he had provided to the court. The court ultimately rescheduled the conference for November 30, 2009. At that conference, the court set the following deadlines: deadline to amend pleadings: January 1, 2010; discovery deadline:   March 1, 2010; dispositive motion or pretrial order deadline: April 1, 2010.

Plaintiff served written discovery on Defendant by U.S. Mail on October 9, 2009, consisting of its first set of interrogatories, first request for admissions, and first request for production of documents. Responses were due November 12, 2009. Plaintiff alleges that

ORDER     2

Defendant did not respond to the written discovery by the deadline and did not ask for additional time to respond. However, Defendant did respond in stages. He responded to the interrogatories on November 19, 2009, the request for admissions on November 22, 2009, and the request for production on November 29, 2009. Plaintiff alleges that these responses were "materially deficient and legally inadequate" in addition to being untimely. Defendant's deposition is scheduled for February 25, 2010, though he has yet to produce any responsive documents.

Plaintiff alleges that it has made repeated attempts to confer with Defendant and resolve this dispute. Plaintiff contacted the court by U.S. Mail, sending a duplicate copy to Defendant, on February 2, 2010. The court set a conference for February 11, 2010.

On the day of the conference, the court attempted to contact Defendant with the number on file but was unable to reach him. Ultimately the court was able to contact Defendant on his cellular phone. At the beginning of the conference, Defendant stated that his cellular phone battery was running low and it was very unlikely that it would last through the call. Further, he was unable to recharge his battery because he was taking the call from his car.

The court heard initial statements from both parties on their perspectives of the dispute. Defendant asserted that he had made his records available to the Plaintiff with the invitation that Plaintiff's counsel go to his office and inspect his files. The conference, however, was abruptly cut short when Defendant left the call, presumably because his phone died. The Defendant made no further contact with the court, and the court was unable to lay out its resolution of the present dispute.

## II.     Rule 26 Obligations and Applicable Sanctions

The Federal Rules of Civil Procedure outline the obligations of parties for discovery and available remedies for failure to comply with these rules. The accompanying Local Rules for the U.S. District Court, District of Oregon supplement these rules.

Rule 26(b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. Pro. 26(b)(1). Local Rule 26 also explains, "failure to object to a discovery request within the time permitted by the Federal Rules . . . constitutes a waiver of any objection." L.R. 26-5(a).

Under Rule 33, a party may serve on any other party no more than 25 interrogatories. The responding party must answer within 30 days or this party waives its objections. Fed. R. Civ. Pro. 33(a)(1) & (b)(4).

Rule 34 allows a party to serve a request on any other party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . stored in any medium from which can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. Pro. 34(a)(1)(A). The party must respond within 30 days. Fed. R. Civ. Pro. 34(B)(2).

Rule 36 similarly provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" related to "facts, the application of law to fact, or opinions about either; and the genuineness of any described

ORDER      4

documents." Fed. R. Civ. Pro. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. Pro. 36(1)(3).

If a party fails to make disclosures or cooperate in discovery, it may be subject to sanctions. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(4).

A party may move for an order compelling disclosure of discovery. If the court grants this motion, "the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(1) & (5)(A).

Serious sanctions apply if the party does not comply with a court's order to compel discovery. The court may (1) direct that matters related to the order be taken as established for purposes of the action as the prevailing party claims, (2) prohibit the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, (3) strike pleadings in whole or in part, (4) stay further proceedings until the order is obeyed, (5) dismiss the action or proceeding in whole or in part, (6) render a default judgment against the disobedient party, or (7) treat as contempt of court the failure to obey any order. Fed. R. Civ. Pro. 37(b)(A).

Apart from sanctions under Rule 37, the court also has the inherent authority to impose sanctions upon both attorneys and parties for bad faith conduct or wilful disobedience of a court order. Courts are vested with this power to manage their affairs, achieve an orderly and expeditious disposition of their cases, and appropriately remedy abuses of the judicial process.

ORDER      5

Courts may impose sanctions under their inherent authority *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991).

A party may be acting in bad faith by intentionally delaying or disrupting litigation or hampering enforcement of the court's order. Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). Sanctions have been ordered on findings that the party or attorney engaged in dilatory tactics during discovery or courtroom hearings and consistently failed to meet scheduled filing deadlines. Payne v. Exxon Corp., 121 F.3d 503, 506 (9th Cir. 1997).

Available sanctions include fines, attorney's fees, or other reprimands or discipline. In addition, when the circumstances warrant it, the court may also order a default judgment against the defendant. S.E.C. v. Investment Technology, Inc., 2004 WL 2812108 * 1(D.Nev. 2004) (not reported) citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III.    The Court Grants Defendant Additional Time to Supplement Discovery Responses

Plaintiff provided to the court its discovery requests, Defendant's responses to these discovery requests, and its records of attempts to resolve the dispute in its February 2, 2010 letter. All of Defendant's discovery responses were due within 30 days, specifically November 12, 2009. None of Defendant's responses were timely. He responded to the interrogatories on November 19, 2009, the request for admissions on November 22, 2009, and the request for production on November 29, 2009. Plaintiff also alleges that several responses are deficient and that it sought to address such deficiencies via phone and writing.

As of February 2, 2010, Plaintiff asserts that several requests are either incomplete or deficient: Requests for Admissions Nos. 11-13; Interrogatories Nos. 2, 3, 5-9, and 11-13; and Requests for Production Nos. 2-6, 8-12, 16-18, 21-30, 33, 34, 36-38, and 42-44.

ORDER      6

From only a cursory review of Defendant's responses, the court concludes that these responses are evasive or incomplete under Rule 37(a)(4). For example, rather than providing a complete answer to a request for documents relating to purchases from Microsoft AdCenter, Defendant only recommends Plaintiff subpoena Microsoft. Also, during his brief appearance at the February 11, 2010, hearing Defendant argued that he had complied with the requests because he volunteered access to many of his files and records.

Based on these responses alone, the court would likely entertain a motion to compel from Plaintiff, which might ultimately lead to greater sanctions under federal rules, such as awarding Plaintiff reasonable attorney's fees and even default judgment.

As a resolution to this current dispute, the court orders the Defendant to supplement his responses by March 1, 2010. Based on his previous untimely and unexplained responses in November 2009, Defendant has waived any objections to Plaintiff's discovery requests.

Both parties are ordered to appear in person on March 5, 2010, at 10 am for a full hearing on this matter and its resolution at the U.S. District Court House, District of Oregon, Medford Division, located at 310 W. 6th St., Medford, Oregon, 97504.

Failure to appear and comply with this order may be treated as a violation of the court order, warranting possible sanctions of fees, fines, and default judgment.

//
//
//

ORDER      7

## IV.  Conclusion

Defendant has until March 1, 2010, to supplement deficient discovery responses. He has waived his objections. An in-person hearing will be held on March 5, 2010, at 10 am. The discovery deadline is reset to April 2, 2010; dispositive motions are due May 7, 2010.

DATED this 12 day of February, 2010.

MARK D. CLARKE
United States Magistrate Judge