FILED'10 APR 7 12:19 USDC·ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

HARRY AND DAVID,
    an Oregon corporation

               Plaintiff,

       v.

ANSHU PATHAK, an individual,
    dba Organic Fruit of the Month Club,
    also dba Brentwood Trading Group, &
    also dba Premium Enterprises,

            Defendant.

Case Number CV 09-3013-CL

**Report & Recommendation**

Clarke, Magistrate Judge:

Plaintiff Harry and David, an Oregon corporation ("Plaintiff") filed a complaint against

Defendant Anshu Pathak, an individual, dba Organic Fruit of the Month Club, also dba

Brentwood Trading Group, and also dba Premium Enterprises ("Defendant") for trademark

infringement.

The court issued an order compelling discovery on February 12, 2010 ("February 2010

Order"). Defendant was ordered to supplement his responses to Plaintiff's discovery requests by

March 1, 2010. Both parties were ordered to appear in person for a hearing on March 5, 2010.

REPORT & RECOMMENDATION 1

(February 2010 Order 7.) On the day of the hearing, Plaintiff filed a motion asking the court to impose sanctions.[1] (Harry and David's Summ. of Def. Anshu Pathak's Non-Compliance with Order Compelling Discovery ("Pl.'s Summ. of Def.'s Non-Compliance") 9; Dkt. No. 36.)

The court recommends granting Plaintiff's motion. The court has authority here to impose sanctions under both Rule 37 and the court's inherent authority. Sanctions are warranted under Rule 37 because Defendant failed to comply with the February 2010 Order. Under its inherent authority, sanctions are also warranted because Defendant acted in bad faith. Defendant's bad faith is displayed by his history of inadequate responses to discovery, non-compliance with court orders, and general disrespect for federal rules.

The court should grant Plaintiff's motion (Dkt. No. 36.) and impose the following sanctions:

(1) Defendant's answer should be stricken in its entirety.

(2) Defendant's untimely and evasive responses to Plaintiff's requests for admissions should be stricken. Admissions should be deemed admitted.

(3) The court should render a default judgment against Defendant.

(4) The court should order Defendant to pay reasonable expenses and attorney's fees caused by Defendant's non-compliance.

## I.    Background

Plaintiff filed its first complaint against Defendant on September 23, 2008, Case No. 08-3101-CL. Plaintiff asserted it properly served Defendant on three separate occasions, but

---

[1] Plaintiff's document was titled a "summary," but it also contained a four-part request for sanctions. The court construes this summary as a motion for sanctions. Plaintiff served Defendant with this motion immediately upon his arrival, the day of the hearing, March 5, 2010. The court provided time for Defendant to review the summary prior to proceeding with the hearing.

REPORT & RECOMMENDATION 2

Defendant argued each service was defective. (Report and Recommendation, June 9, 2009 ("June 2009 R&R") 2.) Plaintiff chose to voluntarily dismiss the complaint on February 11, 2009, and then filed a substantially similar complaint on that same day. A registered California process server attempted service of the new complaint on Defendant three times before successfully serving him on February 17, 2009. (June 2009 R&R 3.) Defendant objected that service was not proper and filed a notice asking the court to strike Plaintiff's notice of service.[2] (June 2009 R&R 4.) On June 6, 2009, the court issued a report and recommendation, adopted on August 19, 2009 (Dkt. No. 18), denying Defendant's motion to dismiss. The court found service was proper and ordered Defendant to answer. (June 2009 R&R 2.)

Defendant answered on July 6, 2009, and the court ordered a Rule 16 telephone conference for September 9, 2009. (Dkt Nos. 17 & 20.) On September 9, 2009, the court attempted to contact Defendant but was unable to reach him with the contact information provided to the court. (Dkt. No. 20.) The court then ordered another Rule 16 conference for November 30, 2009. At that conference, the court ordered the following deadlines: January 1, 2010 deadline to amend pleadings; March 1, 2010 discovery deadline; and April 1, 2010 dispositive motion or pretrial order deadline. (Dkt. No. 27.)

Plaintiff served written discovery on Defendant by U.S. Mail on October 9, 2009, consisting of its first set of interrogatories, first requests for admissions, and first requests for production of documents. Responses were due November 12, 2009. Plaintiff alleges that Defendant neither responded to the discovery requests by the deadline nor asked for additional time to respond by the deadline. (February 2010 Order 2-3.)

---

[2] Document No. 8 is entitled "Judicial Notice." The court construed this notice as a motion to strike.

REPORT & RECOMMENDATION 3

However, Defendant did respond after the deadline passed. He responded to the interrogatories on November 19, 2009, the requests for admissions on November 22, 2009, and the requests for production on November 29, 2009. Plaintiff alleged that these responses were "materially deficient and legally inadequate" in addition to being untimely. (February 2010 Order 2.)

On February 2, 2010, Plaintiff contacted the court by U.S. Mail, sending a duplicate copy to Defendant, asking the court to intervene on an on-going discovery issue. The court ordered a telephone conference for February 11, 2010.

On the day of the conference, the court attempted to contact Defendant but was unable to reach him. Ultimately, the court was able to contact Defendant on his cellular phone. At the beginning of the conference, Defendant stated that his phone battery was running low and it was unlikely that it would last through the call. Further, he was unable to recharge his battery because he was taking the call from his car.

The court heard initial statements from both parties on the discovery dispute. Defendant asserted that he had made his records available and invited Plaintiff's counsel to come to his office and inspect his files. The conference, however, was abruptly cut short when Defendant left the call, presumably because his phone was no longer in service. Defendant made no further contact with the court.

The court issued its order on February 12, 2010, advising the parties of their obligations for discovery under the Federal Rules of Civil Procedure, specifically Rule 26 and applicable sanctions under Rule 37. It advised the parties that the court has the discretion to issue sanctions on a party who fails to comply with a discovery order and that the court has the inherent authority

REPORT & RECOMMENDATION 4

to sanction a party when it finds a party has acted in bad faith. The court explained that based on Defendant's previous untimely and unexplained responses to Plaintiff's November 2009 discovery requests, Defendant had waived any objections. In conclusion, the court ordered Defendant to supplement his answers to the pending requests by March 1, 2010. It also ordered both parties to appear in person at 10:00 am on March 5, 2010, to resolve any remaining discovery disputes. (February 2010 Order 7.)

On March 5, 2010, the day of the hearing, Defendant notified the court that he would be late due to travel problems. The 10:00 am hearing was delayed until 11:45 am when Defendant arrived.

At the hearing, Plaintiff moved the court to impose sanctions on Defendant for his non-compliance with the February 2010 Order compelling discovery. Plaintiff served Defendant with this motion immediately upon his arrival. The court provided time for Defendant to review the motion prior to proceeding with the hearing.

In its motion, Plaintiff explained that there had been no substantial supplementation, as ordered, by March 1, 2010, to the requests for admissions and requests for production. There had been limited responses to interrogatories. (Pl.'s Summ. of Def.'s Non-Compliance 3-4.) Plaintiff presented evidence that while Defendant did not supplement his responses as ordered, he did use the additional time instead to attack Plaintiff's federal trademark registration at issue in this dispute. (Pl.'s Summ. of Def.'s Non-Compliance Ex. 5.) Plaintiff also explained that Defendant's assertion that he is inexperienced and naive is not credible given Defendant's involvement in other similar trademark litigation in the Ninth Circuit. See Omaha Steaks International, Inc. v. Pathak, 2005 WL 3086594 (9th Cir. 2005) (Pl.'s Summ. of Def.'s Non-Compliance 5 and Ex. 7.)

REPORT & RECOMMENDATION 5

In response, Defendant apologized to the court and Plaintiff for his mistakes generally. He stressed that he was unfamiliar with the law, the courts, and the English language. He claimed that he was unable to comply because of many restrictions out of his control. For example, he asserted that much of the information Plaintiff sought was inaccessible because of restrictions from the internet search engine Yahoo.

He stated that he has no reason not to answer or cooperate and that he has no reason to infringe on Plaintiff's trademark because he has a different customer base. As proof of his efforts to cooperate, he had offered Plaintiff full access to his email accounts and databases, by providing his log-in name and password.

Plaintiff informed the court that its counsel had immediately deleted the passwords and cautioned Defendant against providing this information to anyone. Counsel instructed Defendant not to forward along such information. Plaintiff explained that Defendant should locate the documents requested, segregate them, and produce them.

Also at the hearing, the court asked the Defendant if and how he had complied with the February 2010 Order. Defendant explained that he had answered some questions via the telephone but had not produced documents or answered all requests. He also asserted that in late February he asked Plaintiff for an extension because he only needed a little more time to comply. In response, Plaintiff stated it could not grant the extension and he would have to ask the court because only the court can provide an extension to its order. Defendant did not contact the court before the deadline of March 1, 2010, or after.

In addition, Defendant offered several suggestions as to how he could comply with the order at the hearing, though it was four days after the court's March 1, 2010 deadline. He

REPORT & RECOMMENDATION 6

suggested meeting with Plaintiff every 30 days until Plaintiff obtained the discoverable

information. Defendant also claimed that he had brought all of his documents to the hearing for

the court and Plaintiff to review.  He offered to read from his hand-written notes into the record

to supplement his discovery responses. The court declined and explained that under its February

2010 Order the time to supplement had passed.

The court notes, however, that it did review Defendant's documents and notes.  Even if it

had permitted Defendant to enter his notes into the record by reading them at the hearing,

Defendant would still not be in compliance.  Defendant's materials did not contain information

that would have supplemented his deficient and inadequate responses, as required by the order.

## II.    The Court Recommends Granting Plaintiff's Motion for Sanctions

The court recommends granting Plaintiff's motion for sanctions.  The court has authority

to impose sanctions under both Rule 37 for non-compliance with a court order and its inherent

authority for Defendant's acts of bad faith.

### A.      Sanctions Under Federal Rule of Civil Procedure 37

Failure to comply with discovery rules may result in serious sanctions.  Rule 37 provides

that if a party fails to obey an order to provide or permit discovery the court may make an order

to strike out pleadings, dismiss the action or any proceeding or render judgment of default.  Fed.

R. Civ. Pro. 37(b)(2)(A)(iv).  Regarding requests for admissions, under Rule 36,  a matter is

deemed admitted unless the party serves an answer or written objection within 30 days of being

served.  Fed. R. Civ. Pro. 36(a)(3).  Further, the sanctioned party may be required to pay

reasonable attorney's fees related to the discovery dispute: "the court must order the disobedient

party, the attorney advising that party, or both to pay the reasonable expenses, including

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2)(C)

The party to be sanctioned must have notice that his conduct would lead to dismissal. There must be a discovery order, which the party disobeyed, before the court can impose sanctions under Rule 37. See Halaco Engineering v. Castle,843 F.2d 376, 379-80 (9th Cir. 1988) (finding that because there was no discovery order, sanctions could not be imposed under Rule 37, though the court imposed sanctions under the court's inherent authority).

Here, Defendant did not comply with the February 2010 Order. The court ordered Defendant to supplement his responses by March 1, 2010. Defendant was on notice that failure to comply would lead to sanctions. The court clearly stated, "Failure to . . . comply with this order may be treated as a violation of the court order, warranting possible sanctions of fees, fines, and default judgment." (February 2010 Order 7.) Defendant did not sufficiently supplement his responses as the court ordered.

Under the authority of Rule 37, the court recommends granting Plaintiff's motion for imposing the following sanctions:

(1) Defendant's answer should be stricken in its entirety.

(2) Defendant's untimely and evasive responses to Plaintiff's requests for admissions should be stricken. Admissions should be deemed admitted.

(3) The court should render a default judgment against Defendant.[3]

(4) The court should order Defendant to pay reasonable expenses and attorney's fees caused by Defendant's non-compliance.

---

[3] Rule 55 outlines the court's power to enter judgment. This is further explained in Section II.B., infra.

REPORT & RECOMMENDATION 8

**B.      Sanctions Under the Court's Inherent Authority**

The court also has the inherent authority to sanction a party in specific circumstances. Dismissal or default judgment is a possible sanction. "Dismissal is an available sanction when a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Leon v. IDX,464 F.3d 951, 958 (9th Cir. 2006) (citations omitted). "A default judgment is the biggest weapon in the district court's armory  It may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." Mommaerts v. Hartford Life and Accident Ins. Co., 472 F.3d 967, 968 (7th Cir. 2007).

The decision to grant or deny a motion for default judgment is within the discretion of the court. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Rule 55 provides that a party may apply to the court to grant a default judgment.  The court may conduct hearings or mark referrals when it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.   The party against whom a default judgment is sought must have notice of the application for default judgment, at least seven days prior to the hearing. Fed. R. Civ. P. 55(b)(2).

Upon entry of default, plaintiff's well-pleaded allegations of fact relating to liability, except allegations relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); see Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (necessary facts not contained in pleadings and legally insufficient

claims not established by default). The facts established are conclusive upon entry of judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. Flaks v. Koegel, 504 F.2d 702, 707 (2nd Cir. 1974). A defaulted defendant may contest the amount of damages but not the issue of liability.

A fraud on the court will justify a default judgment. Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 805 (9th Cir. 1982). "A fraud on the court is an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Id. (citations omitted). In Phonceene Sous-Marine, the Ninth Circuit explained that the entry of default was a permissible sanction for a defendant's failure to comply with a court order to produce documents: "[O]ne may reasonably infer from the suppression of relevant evidence that the defendant's case is lacking in merit. The generating source of the power (to enter default) was the right to create a presumption flowing from the failure to produce." Id. At 806.

Before a default judgment is entered, the court should consider five factors, as laid out Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions  Leon, 464 F. 3d at 958.

A specific finding on each factor is not necessary, but there must be a finding of willfulness, fault or bad faith. The court must also show that it considered less severe alternatives. Id. Such a consideration might include a discussion of the feasibility of less drastic sanctions; an explanation of why lesser alternatives are inappropriate; a history of previous

REPORT & RECOMMENDATION 10

sanctions the court implemented before ordering dismissal; or a warning that dismissal might be possible should the party not comply.  Id. at 960.

The court may also order monetary sanctions under its inherent authority.  "[A] district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts in bad faith, vexatiously, wantonly or for oppressive reasons."  Id. at 961.

The court's inherent authority, however, is limited by the requirements of due process.  Due process requires that the defendant be given notice and opportunity to be heard before imposing sanctions that would terminate the case.  The Ninth Circuit has found there to be proper notice, justifying an entry of default when, "after repeated failure to attend pretrial conferences, otherwise participate in or remain informed about the litigation, a party fails to attend on the first day of a trial scheduled months before. . . . they had a duty to keep track of the progress of their lawsuit."  Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141 (9thCir. 1989).

Here, the court recommends a finding of bad faith.  The history of the case points to Defendant's repeated attempts to avoid discovery and a flagrant disregard for the rules of civil procedure and court deadlines.  Defendant evaded service and refused to cooperate with the court.  Though he knew of the pending litigation, he failed to provide current contact information with the court or refused to be available.  He has ignored and disrespected court rules.  Though the court graciously granted Defendant additional time to supplement his incomplete and late discovery, Defendant chose to use the time not to supplement, as ordered, but rather to challenge the trademark at issue here with the U.S. Trademark and Patent Office.  (See Pl.'s Summ. of Def.'s Non-Compliance 5 and Ex. 5.)

REPORT & RECOMMENDATION 11

Defendant has clearly acted in bad faith.  Sanctions of rendering a default judgment, striking Defendant's answer and responses, deeming admissions admitted, and ordering Defendant to pay attorney's fees are appropriate.

This court has consider the factors laid out in <u>Anheuser-Busch</u>.  As previously discussed, this case has been prolonged, needlessly by Defendant's hijinks in skirting court rules.  It is in the public's interest to resolve this litigation, and this run-around is wasteful of the court's resources. The court has been more than patient with Defendant, who is appearing pro se.  Though there is a strong public policy that the disposition of this case should be on the merits, Defendant's failure to comply suggests that the merits are not on his side.  For instance, Plaintiff revealed to the court that Defendant invested his time in contesting its registered trademarks rather than complying with the February 2010 Order.  His argument that he is simply unfamiliar with the legal system is unpersuasive and belied by his activities with the U.S. Trademark and Patent Office.  (Pl.'s Summ. of Def.'s Non-Compliance 5.)

Finally, less severe sanctions would not be effective.  The court has already accommodated Defendant.  For example, it has rescheduled a conference after he failed to appear or contact the court and granted additional time to respond to discovery.  Though the Plaintiff did not apply for sanctions until the March 5, 2010 date, Defendant knew that his behavior was sanctionable from the February 2010 Order.  As of that order, Defendant was on notice.  The hearing on March 5, 2010, provided him with the opportunity to be heard and satisfied the requirements of due process.

Anything less than a default judgment at this point, would only encourage Defendant's behavior and undermine the integrity of the judicial process.

REPORT & RECOMMENDATION 12

### III.    Conclusion

Sanctions are warranted under both Rule 37 and the court's inherent authority.  The court recommends granting Plaintiff's motion and imposing the following sanctions:

(1) Defendant's answer should be stricken in its entirety.

(2) Defendant's untimely and evasive responses to Plaintiff's requests for admissions should be stricken.  Admissions should be deemed admitted.

(3) The court should render a default judgment against Defendant.

(4) The court should order Defendant to pay reasonable expenses and attorney's fees caused by Defendant's non-compliance.

The court should conduct a hearing for Plaintiff to present proof of damages in this action, pursuant to Rule 55(b)(2).  Defendant may contest the amount, but he may not contest his liability.

### IV.    Recommendation

The Court recommends denying Defendant's motion for judgment on the pleadings. *This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  *Objections to this Report and Recommendation, if any, are due by April 27, 2010 (18 days).  If objections are filed, any response to the objections are due within 17 days of service of the objections,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will

REPORT & RECOMMENDATION 13

be considered a waiver of a party's right to de novo consideration of the factual issues and will

constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.


DATED this _____ day of April, 2010.


Mark D. Clarke
United States Magistrate Judge


REPORT & RECOMMENDATION 14