FILED'10 OCT 29 9 :01USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| HARRY AND DAVID | Civil No. 09-3013-CL |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| ANSHU PATHAK, an individual, d/b/a Organic Fruit of the Month Club, also d/b/a Brentwood Trading Group, also d/b/a Premium Enterprises | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Harry and David ( 'Plaintiff") now moves for a permanent injunction against defendant Anshu Pathak ("Defendant"); $400,000 in statutory damages for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d); $188, 467.73 in wrongful profits for violations of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1114, 1125(a); and $58,777.30 in attorney's fees and costs. For the reasons set forth below, plaintiff's motion for permanent injunction should be granted, and plaintiff should be awarded the full amount of statutory damages, recovery of defendant's profits, and attorney's fees and costs sought.

Page 1 - REPORT AND RECOMMENDATION

**BACKGROUND**

Plaintiff filed its first complaint against defendant on September 23, 2008, Case No. 08-3101-CL.  Plaintiff asserted it properly served defendant three times, but voluntarily dismissed that action in response to defendant's argument that each service was defective.  Plaintiff filed this action February 11, 2009, asserting claims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and ORS 647 095; and cybersquatting under the ACPA, 15 U.S.C. § 1125(d).  A registered California process server attempted service of the new complaint on defendant three times before successfully serving him on February 17, 2009.  (Doc. No. 10). Defendant objected that service was not proper, (Doc. No. 7); plaintiff moved to strike on grounds that the notice was insufficient under the Federal Rules of Civil Procedure ("FRCP") and the Local Rules for the District of Oregon to constitute either an answer or a motion to dismiss, (Doc. Nos. 8, 9); and defendant did not respond.  (Doc. No. 12).  On June 9, 2009, the court issued a Finding & Recommendation ("F&R") finding that service was proper, construing defendant's notice as a motion to dismiss and denying defendant's motion, and ordering defendant to answer plaintiff's complaint.  (Doc. No. 13).  The F&R was adopted by order of the court August 18, 2009.  (Doc. No. 18).

From September 2009 through February 2010, defendant displayed indifference and a general disregard for the FRCP and his duties to the court, by failing to appear for scheduled conferences, being unavailable and unprepared for scheduled status conferences, arriving late for court appearances, disregarding discovery deadlines and substantive production requirements, and blatantly disregarding the orders of the court despite being advised that his behavior could

Page 2 - REPORT AND RECOMMENDATION

lead to sanctions, fees, and fines. (*See* Doc. Nos. 20, 30).

On March 5, 2010, plaintiff moved for the imposition of sanctions against defendant for failure to comply with the court's order compelling discovery. (Doc. No. 36). On April 7, 2010, the court entered a F&R recommending defendant's Answer be struck and default judgment be entered against defendant as sanctions under Rule 37. (Doc. No. 37 at 13). The court found that Rule 37 sanctions were warranted because defendant intentionally violated the court's discovery order and refused to participate in trial preparation. (Id. at 11-13). The court specifically found defendant's claims that he is inexperienced and unfamiliar with the law, the courts, and the English language to be not credible, given his previous involvement in other similar trademark litigation (*see* Omaha Steaks Intn'l, Inc. v. Pathak, No. 04-56890, 2005 WL 3086594 (9th Cir. Nov. 8, 2005)). (Id. at 5-6). The court also found that defendant had acted in bad faith, citing defendant's attempts to avoid discovery, flagrant disregard for the FRCP, and contempt for the court as evidenced by his conduct. (Id. at 11). By order of the court, the F&R was adopted and default judgment entered against defendant on June 16, 2010. (Doc. Nos. 42, 43).

However, defendant continued his attempts to frustrate and delay resolution of this case. On July 16, 2010, plaintiff notified the court that it had just received notice that defendant had filed a voluntary petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Central District of California on May 18, 2010, Case No. 6:10-bk-25080-TD, without directly notifying either plaintiff or the court. (Doc. No. 67 at 1). Although defendant's bankruptcy petition was dismissed on June 24, 2010, (Id. at 7), it was pending on June 16 when this court issued the order imposing sanctions and entering default against defendant, rendering the order void. Thus on August 5, 2010, the court vacated the June 16 order, (Doc. No. 52), and entered a new order on

August 6, 2010, adopting the March 5 F&R imposing sanctions and entering default judgment against defendant, (Doc. No. 54, 55).

On August 24, Plaintiff filed this motion seeking a permanent injunction, statutory damages, recovery of defendant's profits, and attorneys fees and costs. (Doc. No. 57). In response, defendant makes the single argument that he received plaintiff's motion via U.S. Mail, but not until after August 24, 2010, therefore service is improper. (Doc. No. 62 at 2). On September 15, defendant contacted plaintiff's counsel to request that the motion be sent to him via UPS, stating that he would file his response before the due date. (Doc. Nos. 62 at 2; 64 Exs. 55, 56). Defendant received plaintiff's motion via UPS delivery on September 16, (Id.), but did not open the UPS package, and decided not to respond to plaintiff's motion. (Doc. No. 62 at 2).

## DISCUSSION

The sole issue for determination in this motion is the amount of damages, not liability. As a preliminary matter, the court must consider defendant's contention that plaintiff did not timely serve him with its motion to dismiss.

Service by mail is complete upon mailing. FRCP 5(b)(2)(C); Kim v. Commandant, Def. Language Inst., 772 F.2d 521, 524 (9th Cir. 1985) (per curiam) (the relevant date under FRCP 5(b) is the date of mailing, not the date of receipt).

Defendant's claim that service was not timely is both legally inaccurate and factually unsupported. Plaintiff provides the sworn declaration of Steven E. Klein, counsel for plaintiff, confirming that he personally sent a copy of plaintiff's motion and all supporting documents to defendant via first class mail on August 24, 2010. (Pl. Reply, Klein Decl. at 2). Defendant does not argue that plaintiff did not mail the motion to him on August 24, rather, he merely argues that

he did not *receive* the motion by August 24. It is therefore undisputed that plaintiff mailed the motion to defendant on August 24. To the extent that defendant would have the court disregard Mr. Klein's sworn declaration, defendant's repeated claims of deficient service of process throughout the course of both this action and it's predecessor render his argument inherently suspect, and the court specifically finds the allegation not credible here. Accordingly, the court concludes that plaintiff properly served defendant with a copy of the motion on August 24, 2010, in compliance with the court's order.

## DETERMINATION OF RELIEF

On August 6, 2010, the court entered default judgment against defendant on plaintiff's claims of trademark infringement, unfair competition, and cybersquatting. Plaintiff now seeks a permanent injunction, statutory damages, recovery of defendant's profits, and attorney's fees and costs as remedies for these claims.

"With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (internal citation omitted). "The district court is not required to make detailed findings of fact." Id. (*citing* Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990)). Allegations of damages are not deemed true simply because of the defendant's default; some proof of the amount is required. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (*citing* Pope v. U.S., 323 U.S. 1 (1944)).

## I. INJUNCTIVE RELIEF

Plaintiff requests that the court grant permanent injunctive relief barring defendant from further interfering with plaintiff's business. In particular, plaintiff requests the following:

## A. Permanent Injunction

Plaintiff seeks a permanent injunction under 15 U.S.C. § 1116 prohibiting defendant and

his agents, servants, employees, attorneys, and any other person acting in concert or participation

with defendant, from using plaintiff's FRUIT-OF-THE-MONTH-CLUB trademark or any

confusingly similar marks in any way, specifically:

"a.    From directly or indirectly using, preparing, producing,
manufacturing, ordering, printing, publishing, rendering,
distributing, selling, offering for sale, advertising, promoting, or
otherwise exploiting any goods using the term "FRUIT OF THE
MONTH CLUB," or any other term similar to plaintiff's FRUIT
OF THE MONTH or FRUIT-OF-THE-MONTH-CLUB® mark so
as to be likely to cause confusion, deception or mistake;

b.    From otherwise continuing to infringe upon plaintiff's FRUIT-OF-
THE-MONTH-CLUB® mark;

c.     From registering, acquiring, owning, trafficking, or using a
domain name that is comprised in whole or in part of the words
"FRUIT OF THE MONTH," or any other term confusingly similar
to plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark;

d.    From further using in connection with any goods or services, any
false or deceptive designations or description, whether by words or
other symbols or representations, which suggest or imply any
relationship with plaintiff and/or plaintiff's goods and services;

e.    From further unlawfully trading upon and appropriating the
goodwill and the business reputation of plaintiff and/or plaintiff's
products;

f.    From misusing Plaintiff's trademarks or tradename;

g.    From publishing false statements regarding Harry and David;

h.    From further engaging in any acts of unfair competition against
plaintiff and/or plaintiff's products; and

i.    From in any way inducing, encouraging, aiding, abetting, or

contributing to any of the aforesaid acts."

Proposed Order and Permanent Inj. ("Proposed Order") ¶ 2. (Doc. No. 56-1 at 2-3).

## B. Transfer of Domain Names

Plaintiff further seeks an order under 15 U.S.C. § 1125(d)(1)(C) requiring defendant to immediately "take all actions necessary to transfer ownership and control" of eight identified domain names, together with any other domain names owned or controlled by defendant that incorporate or are confusingly similar to plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark, to plaintiff. The identified domain names are:

        a.    < FruitsoftheMonthClub.com >;

        b.    < InternationalFruitoftheMonthClub.com >;

        c.    < OrganicFruitoftheMonthClub.com >;

        d.    < 1-800-OrganicFruitoftheMonthClub.com >;

        e.    < ExoticFruitoftheMonthClub.com >;

        f.    < PearoftheMonthClub.com >;

        g.    < AppleoftheMonthClub.com >; and

        h.    < VegetableoftheMonthClub.com >

Proposed Order ¶ 3. (Doc. No. 56-1 at 3).

## C. Destruction of Infringing Materials

Finally, plaintiff seeks an order under 15 U.S.C. § 1118 requiring defendant to deliver to plaintiff for destruction all materials in his possession, custody, or control bearing or displaying the "FRUIT OF THE MONTH" and "FRUIT OF THE MONTH CLUB" name, or any word, words, terms, phrases, symbols, or representations, or any combination thereof, similar to

Page 7 - REPORT AND RECOMMENDATION

plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark so as to be likely to create a likelihood of

confusion, deception, or mistake in connection with the advertising, promoting, distributing,

selling, offering for sale, advertising, or promoting of goods or services by defendant, his agents,

servants, employees, or any other person acting in concert or participation with defendant.

Proposed Order, ¶ 4. (Doc. No. 56-1 at 4).

### Standard

Injunctive relief is available to prevent future trademark infringement under the Lanham

Act. 15 U.S.C. §§ 1116. Indeed, "[i]njunctive relief is the remedy of choice for trademark and

unfair competition cases, since there is no adequate remedy at law for the injury caused by a

defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175,

1180 (9th Cir. 1998). Where a plaintiff proves a claim of trademark infringement, the court may

order the destruction of materials bearing an infringing mark. 15 U.S.C. § 1118. Where a

plaintiff proves a claim of cybersquatting, the court may order the forfeiture or cancellation of the

domain name, or transfer of an infringing domain name to the owner of the mark. 15 U.S.C. §

1125(d)(1)(C). District courts should apply "traditional equitable principles" in deciding whether

to grant permanent injunctive relief. Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126,

1137 (9th Cir. 2006) (internal citation omitted).

As described below, plaintiff has demonstrated that defendant's infringement has caused

irreparable injury by hurting the goodwill of Harry & David's FRUIT-OF-THE-MONTH-

CLUB® name by linking one of his infringing domain names to a hard core pornography site.

Moreover, defendant has previously disregarded the orders the National Arbitration Forum to

transfer his infringing domain name to plaintiff, attempted to register infringing marks with the

Page 8 - REPORT AND RECOMMENDATION

United States Patent and Trademark Office ("USPTO") rather than comply with this court's discovery order, and has continued to register infringing domain names while this action was pending. The injunctive relief plaintiff seeks would serve to prevent defendant from continuing to infringe on plaintiff's trademark and would resolve the on-going public confusion regarding the FRUIT-OF-THE-MONTH-CLUB® mark. Transferring defendant's infringing domain names to plaintiff and ordering the destruction of infringing materials is reasonable and furthers the purpose of the recommended injunctive relief. In sum, the court concludes that the "traditional equitable principles" are satisfied and injunctive relief is warranted. Plaintiff's motion for a permanent injunction should therefore be GRANTED.

## II. STATUTORY DAMAGES

Plaintiff's well-pleaded allegations that it owns and has a protectable interest in a federally registered mark, FRUIT-OF-THE-MONTH-CLUB®, and that defendant has used, registered, or trafficked in a domain name that is identical or confusingly similar to plaintiff's mark with a bad faith intent to profit, were conclusively established upon entry of default, thus plaintiff has proven its claim for cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The plaintiff seeks as its remedy the maximum statutory award of $100,000 for each of four domain names registered and used by defendant: < FruitsoftheMonthClub.com >, < OrganicFruitoftheMonthClub.com >, < 1-800-OrganicFruitoftheMonthClub.com >, and < InternationalFruitoftheMonthClub.com >, for a total of $400,000 in statutory damages. (Doc. Nos. 56 at 4; 58 at 1, 15-16).

The damages provision of the ACPA allows a prevailing plaintiff to elect as its measure of damages either actual damages and profits or, in the alternative, statutory damages in the

amount of not less than $1,000 and not more than $100,000 per domain name, as the court

considers just. 15 U.S.C. § 1117(d). In general, when a plaintiff seeks statutory damages, "the

court has wide discretion in determining the amount of statutory damages to be awarded,

constrained only by the specified maxima and minima." Columbia Pictures Television, Ind. v.

Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (discussing statutory

damages under the Copyright Act). In exercising this discretion, the court should be mindful that

the policy behind Section 1117 damages is to "take all economic incentive out of trademark

infringement." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 621 (9th Cir. 1993) (internal

citation omitted).

In light of the policy purpose of Section 1117 and plaintiff's allegations that defendant

directly registered the four infringing domain names identified above, which are confusingly

similar to and incorporate plaintiff s FRUIT-OF-THE-MONTH-CLUB® mark without

reasonable grounds to believe the use was fair, the court concludes that plaintiff is entitled to

$100,000.00 from defendant for each of the four domain names. Accordingly, plaintiff's motion

for statutory damages in the amount of $400,000 should be GRANTED.

## III. RECOVERY OF DEFENDANT'S PROFITS

Plaintiff's well-pleaded allegations that it owns and has a protectable interest in a

federally registered mark, FRUIT-OF-THE-MONTH-CLUB®, and that defendant has used and

continues to use multiple marks that are confusingly similar to plaintiff's mark, were conclusively

established upon entry of default, thus plaintiff has proven its claim for trademark infringement

and unfair competition in violation of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1114,

1125(a). Plaintiff seeks as its remedy to recover defendant's profits in the amount of $188,467.73.

A prevailing plaintiff in a civil case for trademark infringement under 15 U.S.C. §
1125(a) is entitled, subject to the principles of equity, to recover the defendant's profits.  15
U.S.C. § 1117(a).  The plaintiff need only prove defendant's sales, while the defendant bears the
burden of proving all elements of costs or deductions claimed.  Id.  "[A] determination of
damages in a trademark infringement action, including an accounting, is to be pursued in light of
equitable considerations."  Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1404 (9th Cir.
1993) (citing Maier Brewing Co. v. Fleishmann Distilling Corp., 390 F.2d 117, 120 (9th Cir.),
cert denied, 391 U.S. 966 (1968)).  The award of an accounting of profits remedy is within the
discretion of the court.  Playboy Enters., Inc. v. Baccarat Clothing Co., Inc., 692 F.2d 1272, 1275
(9th Cir. 1982) (internal citation omitted).

Evidence of defendant's profits is before the court in the form of plaintiff's motion,
supported by the declaration of plaintiff's counsel, and a spreadsheet provided to plaintiff by
defendant, showing that between February 2007 and February 2010 defendant's income from the
domain name < 1-800-OrganicFruitoftheMonthClub.com > alone was $188,467.73.  (Pl. Reply,
Klein Decl. at 8, Ex. 44).  Despite defendant's acknowledged concurrent operation of three other
infringing domain names, plaintiff seeks to only to recover defendant's admitted profits from this
single domain name.  Since, under Section 1117, it is defendant's burden to prove expenses to be
deducted from sales, and defendant has plainly demonstrated his unwillingness to cooperate in
the discovery process to establish such expenses, this court will accept the total sales figure, with
no deduction for expenses, as the undisputed measure of defendant's profits from his
infringement.  Accordingly, plaintiff's motion to recover defendant's profits in the amount of
$188,467.73 should be GRANTED.

Page 11 - REPORT AND RECOMMENDATION

## IV. ATTORNEY'S FEES AND COSTS

Finally, plaintiff seeks an award of attorneys fees in the amount of $58,050.00 and costs in the amount of $726.30, for a total of $58,777.30.

An award of reasonable attorney's fees and costs to the prevailing party is allowed in "exceptional cases" of trademark infringement. *See* 15 U.S.C. §1117(a). "While the term 'exceptional' is not defined in the statute, attorney's fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002).

This court has already found that defendant has acted in bad faith. (*See* Doc. No. 37 at 11). In a proceeding commenced against defendant under the Uniform Domain Name Dispute Resolution Policy ("UDRP"), the National Arbitration Forum, J. McCotter, likewise found that defendant has acted in bad faith, citing defendant's intentional registration of a domain name confusingly similar to plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark, < FreshFruitoftheMonthClub.com >, and his refusal to cease using the domain name, electing instead redirected it to < sex.com >, "a hard-core pornography site." (Pl. Mot., Klein Decl. Ex. 13 at 2 (Oct. 8, 2002 UDRP Panel Decision in Harry & David v. Anshu Pathak, FA 0208000122146 (Nat. Arb. Forum)).

Defendant registered two additional domain names while the 2002 UDRP proceeding was pending and two more after the decision was issued. (Pl. Memo 6-7; Pl. Mot., Klein Decl. Exs. 5-8). Between January 1, 2009, and February 18, 2009, defendant filed four separate applications with the USPTO to register the terms "Fruit of the Month Club," "FruitsoftheMonthClub.com," "International Fruit of the Month Club," and "Organic Fruit of the Month Club" as trademarks.

Page 12 - REPORT AND RECOMMENDATION

(Pl. Mot., Klein Decl. Exs. 14, 17, 21, 24).  By April 28, 2009, each of these applications was refused by the USPTO, in part on grounds that the applied for term so resembled plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark that it was likely to confuse, deceive, or cause consumers to mistake the source of the goods and/or services offered.  (Pl. Mot., Klein Decl. Exs. 15, 18, 22, 25).  This has not deterred defendant:  since this action was filed, defendant has registered four additional domain names: < ExoticFruitoftheMonthClub.com >, < AppleoftheMonthClub.com >, < PearoftheMonthClub.com >, and < VegetableoftheMonthClub.com >.  (Pl. Mot., Klein Decl. Exs. 9-12).

On these facts, the court finds that defendant's infringement on plaintiff's FRUIT-OF-THE-MONTH-CLUB® mark is willful.  Defendant failed to appear at the hearing on plaintiff's motion, and fails to raise any argument or allegation in his response to the motion that plaintiff's attorneys fees are unreasonable.  Based on plaintiff's allegations that defendant deliberately used plaintiff's mark to distract and divert consumers to his websites and banner advertisements, the court finds that plaintiff is entitled to costs.  Furthermore, the amount of attorney's fees and costs asked for by plaintiff seems reasonable under the circumstances.  Accordingly, plaintiff's motion for attorney's fees and costs in the amount of $58,777.30 should be GRANTED.

## RECOMMENDATION

Based on the foregoing, the court recommends that plaintiff's motion be granted in its entirety, granting a permanent injunction; awarding plaintiff statutory damages in the amount of $400,000, recovery of defendant's profits in the amount of $188,467.73, and attorney's fees and costs in the amount of $58,777.30; and ordering the transfer domain names and destruction of infringing materials as described above; and that judgment be entered accordingly.

Page 13 - REPORT AND RECOMMENDATION

Furthermore, due to defendants recalcitrant behavior and repeated disregard for the orders of this court, the court recommends defendant be ordered to file with the court and serve on plaintiff a written, sworn statement describing in detail the manner and form in which he is complying with the order of the court, within sixty (60) days of service on defendant of the order. **Failure to comply with this order may be treated as a violation of the court order, warranting possible sanctions of additional fees and fines.**

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by November 16, 2010. If objections are filed, any response to the objections are due by December 6, 2010. See* FRCP 72, 6.

DATED this _____ day of October, 2010.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 14 - REPORT AND RECOMMENDATION