FILED'11 AUG 4 16:27USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

HARRY AND DAVID, an Oregon corporation

        Plaintiff,

        v.

ANSHU PATHAK, an individual, d/b/a Organic Fruit of the Month Club, also d/b/a Brentwood Trading Group, also d/b/a Premium Enterprises,

        Defendant.

Civ. No. 09-3013-CL

**STIPULATED ORDER R.E. CONTEMPT HEARING**

CLARKE, Magistrate Judge.

    On the contempt hearing of Defendant Anshu Pathak, the parties have met and conferred, and hereby stipulate through their undersigned counsel, to entry with the Court's approval of the following order:

    1. Defendant is ORDERED to transfer the following domain names to Harry and David by no later than the close of business on Thursday, August 4, 2011:

- InternationalFruitoftheMonthClub.com
- 1-800-OrganicFruitoftheMonthClub.com

- ExoticFruitoftheMonthClub.com
- PearoftheMonthClub.com
- AppleoftheMonthClub.com
- VegetableoftheMonthClub.com
- FruitMonthClub.net
- DriedFruitoftheMonthClub.com
- ExoticDryFruitoftheMonthClub.com
- ExoticDryFruitsoftheMonthClub.com

2. Counsel for Harry and David will make a laptop with an Internet connection available to Mr. Pathak at the courthouse to facilitate the transfers and will arrange to have a technical person from Harry and David available by phone to coordinate, if necessary.

3. The transfer of the domain names listed above is being ordered in enforcement of the Court's December 7, 2010, Order and Permanent Injunction, and is not being made in satisfaction of any amount under Plaintiff's December 7, 2010, money judgment.

4. Defendant is ORDERED to remove all infringing marks from any Internet website owned or controlled by him or any of his businesses, including but not limited to Exotic Meat Market, Inc., by no later than Monday, August 15, 2011. On Thursday, August 4, 2011, while in the presence of the Court, counsel for Plaintiff hand delivered to Defendant a list of suggested substitute phrases, a copy of which is attached to this order, that Plaintiff would not object to *per se* based on Plaintiff's rights in the FRUIT OF THE MONTH and FRUIT-OF-THE-MONTH CLUB marks.

5. Defendant is ORDERED to sit for a debtor's exam on Thursday, August 4, 2011, at 1:30 p.m. The debtor's exam shall run no longer than four hours, without prejudice to Plaintiff's right to request additional time for good cause shown, including due to Defendant's non-cooperation, or to request that the debtor's exam be continued by telephone.

6. Defendant is ORDERED to comply in full with all the provision of the Court's December 7, 2010, Order and Permanent Injunction by no later than Monday, August 22, 2011.

7. Defendant is ORDERED to report in writing and under oath on his compliance with this Order and the Court's December 7, 2010, Order and Permanent Injunction by no later than Monday, August 22, 2011. Requests for extension will not be entertained by the court.

8. Defendant is ORDERED discharged from custody on August 4, 2011, at 5:30 p.n. subject to and without waiver of Plaintiff's right to object to discharge and request continued detention based on Defendant's non-compliance with this Order, or for other good cause shown.

9. **Defendant is hereby warned that if he shall fail to fully comply with any part of this Order or the Court's December 7, 2010, Order and Permanent Injunction, he will be subject to additional fines, damages, and imprisonment for criminal complaint.**

10. **Defendant is hereby warned that, should he fail to file the sworn statement described in (7) above, the Court will find him in contempt of court. Because all lesser sanctions have proven ineffective, upon a finding of contempt, the Court will**

issue a warrant for his arrest, and order the United States Marshals to take him into custody and bring him to the United States Courthouse in Medford, Oregon, to provide an accounting of how Defendant is complying with the Court's orders. Should this course of action become necessary, Defendant is warned that he will be detained until such time as he is found to be fully in compliance with this Order, the Court's Order and Permanent Injunction of December 7, 2010, and any subsequent intervening orders of the Court.

11. **Plaintiff's Ex Parte Application for Order Holding Defendant in Contempt for Failure to Comply with Permanent Injunction and for an Order Directing Melbourne IT is held in abeyance until August 23, 2011**. Provided Defendant fully complies with this Order and the Court's Order and Permanent Injunction of December 7, 2010, Plaintiff's motion shall be denied without prejudice to renew in the future. If, however, Defendant fails to fully comply with this Order and the Court's Order and Permanent Injunction of December 7, 2010, Plaintiff's motion shall be GRANTED.

12. **Defendant is hereby specifically warned that if he shall establish a domain name or website that unlawfully infringes on Plaintiff's FRUIT OF THE MONTH and FRUIT-OF-THE-MONTH CLUB marks, in his name individually or by any agent, servant, employee, attorney, or other person in active concert or participation with Defendant, the Court will find him in contempt of this Order and the Court's Order and Permanent Injunction of December 7, 2010, and, upon application from Plaintiff, shall find Defendant in contempt as described in (9) and (10), above.** Provided, however, that Defendant shall not be held responsible for the actions of Nerry

Pathak or other family members so long as they are not acting as an agent, servant, employee, attorney, or otherwise acting in active concert or participation with Defendant.

The measures described above are made necessary by Defendant's own willful and deliberate attempts to circumvent and evade the orders of this court. It is the Court's sincere hope that, through the advice of the counsel provided to him in this contempt hearing, the gravity of Defendant's actions have been impressed upon him and that this action may be swiftly and finally resolved through Defendant's full and good faith compliance with this and all past and future orders of the court.

IT IS SO ORDERED.

Signed this 4th day of August, 2011:

_____
Anshu Pathak

_____
Brian Butler, appointed counsel for Defendant

_____
Steven E. Klein, counsel for Plaintiff

DATED this _____ day of August, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 5 – ORDER

Harry and David will not object based on Harry and David's trademark rights in FRUIT OF THE MONTH CLUB or FRUIT OF THE MONTH to Pathak's use of the following phrases per se (in singular or plural form):

| | |
|---|---|
| "Fruit Club" | "Monthly Fruit Club" |
| "Exotic Fruit Club" | "Organic Fruit Club" |
| "Exotic Dry Fruit Club" | "Monthly Exotic Dried Fruit Club" |