IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| HARRY AND DAVID, an Oregon Corporation<br>                  Plaintiff,<br><br>        v.<br><br>ANSHU PATHAK, an individual, d/b/a/ Organic Fruit of the Month Club, also d/b/a Brentwood Trading Group, also d/b/a/ Premium Enterprises,<br><br>                  Defendant. | Civ. No. 09-3013-CL<br><br>**REPORT & RECOMMENDATION** |

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff Harry and David's request that defendant Anshu Pathak, doing business as Organic Fruit of the Month Club, Brentwood Trading Group, and Premium Enterprises ("Pathak"), be declared a vexatious litigant and a pre-filing order be entered restricting him from filing any future actions or papers without leave of the court. For the reasons stated below, Harry and David's request should be denied.

## BACKGROUND

The history of events in this case is fully and exhaustively documented in the previous orders of this court and therefore need not be fully recounted here. For the purpose of the issue presented, it is sufficient to note that on August 6, 2010, default (#54) and default judgment

Page 1 – REPORT & RECOMMENDATION

(#55) were entered against Pathak. On December 7, 2010, the court granted (#73) Harry and David certain specific relief and permanently enjoined Pathak from further infringing upon Harry and David's FRUIT OF THE MONTH and FRUIT-OF-THE-MONTH CLUB® Marks, and entered final judgment (#74) in this case.

However, Pathak failed to perform the actions ordered by the court and instead continued to file pleadings (#76) arguing the merits of his claims even after being warned (#77) of the possible consequences of failing to comply with the court's orders, and went so far as to appeal (#98) the merits of his claims to the Ninth Circuit Court of Appeals after stipulating (#97) that he would perform certain actions by a particular date in order to comply with the orders of the court. As a result, Pathak has twice been held in contempt of court (# 83, 105) and a warrant issued for his arrest with orders that he be brought to this court to appear at a contempt hearing. A federal public defender was appointed to represent Pathak at both contempt hearings, the first held on August 3, 2011, and the second held on December 14, 2011. On motion by Harry and David, this court ordered (# 107, 140, 142, 144) additional specific relief with regard to the sponsoring registrars of infringing domain names registered by or on behalf of Pathak or entities incorporated by him.

In its Report on Defendant Anshu Pathak's Non-Compliance with the Court's Orders (#100) and subsequent Status Report (#121) and Amended Supplemental Status Report (#125), Harry and David advised the court that Pathak has repeatedly threatened retaliate against Harry and David for bringing this action against him by filing suit against Harry and David and its counsel for damages, initiating a class action against Harry and David, and filing administrative proceedings to cancel Harry and David's trademarks. At the December 14, 2011, contempt hearing, Pathak disclaimed all interest in the infringing domain names which have now been

transferred to Harry and David, and did not raise any objections to the relief granted Harry and David. However, Pathak admitted that he planned to file petitions with the United States Patent and Trademark Office ("PTO") to cancel Harry and David's "FRUIT OF THE MONTH" and FRUIT-OF-THE-MONTH-CLUB® Marks. On February 2, 2012, Pathak filed three documents (#146, 147, 148) entitled "Notice of Petition for Cancellation" showing that he has followed through with this course of action.

## STANDARD

The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (internal citation omitted). A district court may enjoin a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a), by issuing an pre-filing order requiring the litigant to seek permission from the court prior to filing any future suits. 28 U.S.C. § 1651(a); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061 (9th Cir. 2007) (*citing* Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999)).

An order imposing pre-filing review conditions must meet the following requirements: (1) the party must have had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. De Long, 912 F.2d at 1147-48. Such pre-filing orders are an extreme remedy and are rarely used, id., particularly when the plaintiff is *pro se*, *see* Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.) ("The use of such measures against

Page 3 – REPORT & RECOMMENDATION

a pro se plaintiff should be approached with particular caution."), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *cf.* De Long, 912 F.2d at 1147 (*citing* Pavilonis, 626 F.2d at 1079, with approval in vacating a pre-filing order entered against an *in forma pauperis* litigant). A court should therefore enter a pre-filing order constraining a litigant's scope of actions in future cases only after cautious review of the pertinent circumstances. Molski, 500 F.3d at 1057.

## DISCUSSION

With regard to the first factor, the court finds that Pathak has had adequate notice of and an opportunity to oppose the requested order. Harry and David first presented its request for a pre-filing order in its November 25, 2011, Status Report (#121), filed in advance of the December 14, 2011, contempt hearing. At that hearing, during which Pathak was represented by court appointed counsel, Harry and David orally renewed its request that a pre-filing order be entered. Finally, on December 19, 2011, Harry and David filed a proposed pre-filing order (#137) with the court. Pathak therefore has had ample time to review both the request and the proposed order, and has not made any objection.

With regard to the second factor, the court acknowledges that Pathak has a history of litigating trademark claims similar to those at issue here. *See* Pathak v. Omaha Steaks Int'l, Inc., No. CV 10-7054 RSWL(RZx), 2011 WL 1154237 at * 3 (C.D.Cal Mar. 28, 2011) (declaring Pathak to be a vexatious litigant and granting the defendant's motion for a pre-filing order, noting that since 1991, Pathak had initiated forty-two actions in state and federal court). However, the same cannot be said in this case. This action was initiated by Harry and David, not Pathak. Although Pathak has filed administrative proceedings before the PTO Trademark Trial and Appeal Board seeking cancellation of Harry and David's registered trademarks, nothing in the record suggests that Pathak has litigated his claims regarding these trademarks in any other

Page 4 – REPORT & RECOMMENDATION

federal or state action. Harry and David asserts that Pathak has threatened to file an action against it for fraud and to solicit third parties to participate in a class action suit against it. Indeed, Pathak has repeatedly filed papers with this court alleging both that Harry and David and its counsel have committed fraud against him, (# 76, 84, 87, 116, 123, 133), and that this court is complicit in the fraud allegedly perpetrated against him (#87, 123, 133). Pathak reiterated these claims in his appeal (#98) to the Ninth Circuit Court of Appeals; that appeal was dismissed (#104) due to Pathak's failure to respond to the orders of the court. However, nothing in the record suggests that Pathak has in fact filed any action for fraud against Harry and David or its counsel, or that he is attempting to re-litigate the claims disposed of in this action in any other federal or state action.

The record before the court demonstrates that the final resolution of this case has been extensively and unnecessarily delayed due to Pathak's continued willful noncompliance with the orders of this court and attempts to evade the judgment entered against him. While Pathak's past behavior is troubling, the court does not recommend that he be declared a vexatious litigant and a pre-filing order entered against him at this time. Judgment in this action was entered by default, not on the merits. It is true that Pathak has continued to argue the merits of his claims, however, he has done so only when reporting on his (non) compliance with the court's orders, not through motions practice attacking the merits of the judgment. In short, although Pathak's continued insistence that he has done nothing wrong is both frustrating and vexatious, his conduct at this time is not sufficiently frivolous or harassing at this time to require a pre-litigation order. *See, e.g.,* Molski, 500 F.3d at 1060 (plaintiff had filed roughly 400 ADA cases). Therefore the court should deny Harry and David's request for a pre-litigation order.

//

Page 5 – REPORT & RECOMMENDATION

## RECOMMENDATION

For the reasons stated above, Harry and David's request that Pathak be declared a vexatious litigant and that a pre-filing order be entered against him should be DENIED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by February 27, 2012. If objections are filed, any response to the objections is due by March 15, 2012.*** See FED. R. CIV. P. 72, 6.

DATED this ___7___ day of February, 2012.

MARK D. CLARKE
United States Magistrate Judge